HOUSE v. ROUSE. (No. 7061.)

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1916.)

ATTACHMENT ⟺19—PERSONS LIABLE—CODEFENDANTS.

Though more than one defendant is sued, it is not necessary that an attachment should apply to more than one of them.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 51; Dec. Dig. ⟺19.]

Appeal from Leon County Court; C. D. Craig, Judge.

Action by E. F. Rouse against R. M. House and another. From a judgment for plaintiff, defendant House appeals. Affirmed.

Wm. Watson, of Centerville, for appellant.

LANE, J. This suit was originally instituted in the justice court of precinct No. 2 of Leon county, on the 20th day of November, 1914, by E. F. Rouse against R. M. House and L. D. Thompson, to recover the sum of $163.28 due upon a certain note executed by R. M. House as principal and L. D. Thompson as his surety, payable to appellee Rouse. On the day of institution of the suit, appellee Rouse made affidavit that R. M. House, one of the defendants, was jointly indebted to him in the sum of $163.28; that the same was due; that the said R. M. House was about to dispose of his property with the intent to defraud his creditors; that the attachment applied for was not sued out for the purpose of injuring or harassing the said

defendant House; and that plaintiff would probably lose his debt unless such attachment issued. Upon the prayer of Rouse, a writ of attachment was issued and levied upon two bales of cotton, the property of said R. M. House. The plaintiff Rouse recovered judgment in said justice court against R. M. House and L. D. Thompson jointly and severally for the sum of $163.28, and judgment was also rendered in favor of Thompson against House for such sum as he might pay on the judgment rendered in favor of E. F. Rouse. From such judgment, R. M. House alone appealed to the county court. In the county court House filed his motion to quash the writ of attachment and pleaded in reconvention for damages, because of wrongful issuance and levy of attachment. The court overruled the motion to quash the attachment and submitted the matters in controversy to a jury, which rendered a verdict as follows: "We, the jury, give the plaintiff, E. F. Rouse, judgment for his note, interest, and attorney's fees, and we find against the defendant, R. M. House, in his plea of reconvention."

Upon this verdict the court rendered judgment in favor of E. F. Rouse against R. M. House and L. D. Thompson, and W. C. House and J. M. Reed as sureties upon the appeal bond of House, for the sum of $163.28, and judgment in favor of L. D. Thompson against R. M. House as principal and W. C. House and J. M. Reed as sureties on his appeal bond, for any sum of money Thompson may be compelled to pay on the judgment rendered in favor of E. F. Rouse. Judgment was also rendered against House on his cross-bill. From this judgment R. M. House alone has appealed to this court.

The only complaint presented by appellant is that the trial court erred in refusing to quash the attachment upon its motion: First, because the affidavit was against R. M. House only, while L. D. Thompson was his codefendant, and the affidavit stated that R. M. House was jointly indebted to the plaintiff and does not state that Thompson was so indebted; second, because it states that R. M. House is about to dispose of his property with intent to defraud his creditors, and fails to apply such statement to House and Thompson jointly; and, third, because said affidavit fails to state that said attachment was not sued out for the purpose of injuring or harassing both of the defendants or either of them, but only states that it was not sued out for the purpose of injuring or harassing the defendant R. M. House.

We know of no law which requires a creditor in suing out an attachment to make it apply against all the defendants where more than one is sued. This suit was against R. M. House, the principal maker of the note sued upon, and against L. D. Thompson as surety for House; and we see no reason why the writ of attachment should not be issued against the principal debtor only, if the credi-

tor so chose. The contention of appellant will only apply where the attachment is sued out against more than one defendant. We think the affidavit in this case was sufficient, and that the court did not err in refusing to quash the attachment proceedings. The judgment of the trial court is affirmed.

Affirmed.